UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, | No. C 11-04394 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| HECTOR CHAN, | [ECF No. 4] |
| Defendant. | |

## I. INTRODUCTION

Defendant Hector Chan removed Plaintiff U.S. Bank National Association's complaint for unlawful detainer from the California state court, asserting the existence of federal-question jurisdiction on the basis that Plaintiff's notice allegedly was defective under the federal Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220. Notice of Removal, ECF No. 1 at 2-3, ¶¶ 6, 10.[1] Plaintiff now brings this motion to remand. Motion to Remand, ECF No. 4 at 2. The court grants Plaintiff's motion because Defendant's removal was untimely, the unlawful detainer action presents only a state claim on its face, and the PTFA provides tenants with federal defenses to eviction but does not create federal-question jurisdiction.

Both parties have consented to the court's jurisdiction. ECF Nos. 8 and 10. Defendant did not file an opposition to Plaintiff's motion. *See* N.D. L.R. 7-3(a) (requiring opposition briefs to be filed

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-04394 LB
REMAND ORDER

1  within fourteen days after the motion is served and filed). After considering the case history,
2  Plaintiff's brief, and law, the court determines that this matter is appropriate for resolution without
3  oral argument. N.D. Cal. L.R. 7-1(b).

## II. FACTS

On or about January 6, 2006, Defendant purchased a residential real property commonly described as 1375 Monte Maria Avenue, Novato, California (the "subject property"). Defendant later defaulted on the Deed of Trust secured by the subject property, which ultimately led to a non-judicial foreclosure sale of the subject property.

On February 17, 2011, Plaintiff purchased the subject property at the foreclosure sale, which was held in accordance with California Civil Code § 2924, *et. seq.* Exh. A, ECF No. 1 at 11-13; ECF No. 5 at 13-15. The transfer of title to the subject property was duly perfected in Plaintiff by the recording on March 1, 2011, of a Trustee's Deed Upon Sale, in the official records of the Marin County Recorder's office, as Inst. No. 2011-00 12447. *Id.*

On March 15, 2011, a California licensed process server served a Notice to Quit on Defendant, in compliance with California Code of Civil Procedure § 1161(a) and 1161(b). Exh. A, ECF No. 1 at 14-16; Crosby Decl., ECF No. 4-2 at 7.

The notice to quit expired. However, Defendant continues to remain in possession of the subject property despite not having held title to the subject property since March 1, 2011. ECF No. 5 at 20.

Plaintiff filed a complaint in state court against Defendant, alleging only a single state law cause of action for unlawful detainer and specifically stating that the amount of damages sought does not exceed $10,00.00. ECF No. 5 at 8. On April 3, 2011, Defendant and other occupants were served via substituted service as well as by mail and posting at the subject residence. Crosby Decl., ECF No. 4-2 at 9-15. Defendant filed a demurrer in state court. ECF No. 1 at 17-22. And, on September 2, 2011, Defendant filed a notice of removal. ECF No. 1 at 1.

## III. LEGAL STANDARDS

A defendant in a state court may remove an action to federal court so long as the action could

have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The action must be removed within 30 days of service of the initial pleading. 28 U.S.C. 1446(b). The defendant has the burden of proving the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22.

A federal court may exercise removal under the "artful pleading" doctrine even if a federal question does not appear on the face of the complaint. *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* However, courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

///

---

[2] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

## IV. DISCUSSION

### A. Whether the Complaint Was Timely Removed

Plaintiff argues that Defendant did not timely remove the complaint. Motion to Remand, ECF No. 4 at 7. Defendant did not file the notice of removal until September 2, 2011. Notice of Removal, ECF No. 1 at 1. Even if the court accepted the representation made in Defendant's demurrer that he was not served until April 6, 2011, *see* ECF No. 1 at 20, his time to remove the action would have expired on May 6, 2011. 28 U.S.C. 1446(b). Accordingly, the court finds that Defendant's removal was untimely.

### B. Whether the PTFA Provides a Basis for Federal-Question Jurisdiction

Plaintiff states that its complaint asserts only a cause of action for unlawful detainer pursuant to section 1161(a)(b)(3) of the California Code of Civil Procedure. Motion, ECF No 4 at 9. Defendant asserted only federal-question jurisdiction as a basis for removal. Complaint, ECF No. 1 at 2, ¶ 6. As the court discussed in *Wells Fargo Bank v. Lapeen*, NO. C 11-01932 LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011), in these circumstances, the PTFA does not create federal-question jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's motion to remand.

This disposes of ECF No. 4.

**IT IS SO ORDERED.**

Dated: November 4, 2011

_____
LAUREL BEELER
United States Magistrate Judge